IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| R.B. BROWN, JR. | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-1076-N-BD |
| | § | |
| APRIL E. SMITH, ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by R.B. Brown, Jr. against three attorneys who represented him at various times in a state criminal proceeding. On May 23, 2011, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

In 2000, plaintiff was indicted by a Dallas County grand jury for aggravated assault with a deadly weapon. Two lawyers, Ray Jackson and Scottie Allen, represented plaintiff at trial.

Following his conviction, a third lawyer, April E. Smith, was appointed by the court to represent plaintiff on appeal. Although plaintiff does not allege any facts in his complaint, the civil cover sheet indicates that he seeks $1.4 million against his former attorneys for legal malpractice and unspecified civil rights violations.

III.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a)(1). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

Plaintiff has failed to allege a cognizable claim arising under federal law. Because private attorneys are not "state actors," they cannot be sued under 42 U.S.C. § 1983. *See Featherston v. Knize*, No. 3-06-CV-0729-K, 2006 WL 2215950 at *3 (N.D. Tex. Aug. 2, 2006), *citing Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that private attorneys, even those appointed by the court, are not state actors for purposes of section 1983 liability). Plaintiff's claim for legal malpractice arises under state law and, as such, does not give rise to federal question jurisdiction. *Singh v. Duane Morris LLP*, 538 F.3d 334, 339 (5th Cir. 2008); *see also SMWNPF Holdings, Inc. v. Devore*, 165 F.3d 360, 364 (5th Cir. 1999); *Woodburn v. Turley*, 625 F.2d 589, 592 (5th Cir. 1980).

Nor is there any basis for federal diversity jurisdiction. The court takes judicial notice that all three defendants are Texas attorneys. Plaintiff is also a citizen of Texas. (*See* Plf. Compl. at 1).

Thus, there is not complete diversity between the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402-03, 57 L.Ed.2d 274 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of *all* plaintiffs must be different from the citizenship of *all* defendants).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.[1]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 24, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The disposition of this case does not preclude plaintiff from suing defendants for legal malpractice in Texas state court.